UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melvin Jordan, III,                                              Civil No. 12-1097 JRT/AJB

                    Petitioner,

v.
                                    **REPORT AND RECOMMENDATION**

Scott P. Fisher,

                    Respondent.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a). Petitioner Melvin Jordan, III is a federal prisoner presently incarcerated at the Federal Correctional Institution at Sandstone, Minnesota. In his petition the prisoner seeks an order requiring the Bureau of Prisons (BOP) to give him credit for time spent in jail pending trials on both state and federal charges. He was sentenced to a 109-month federal sentence,[1] to be followed by five years supervised release, on a conviction in the Northern District of Iowa on a charge of felon in possession of a firearm after three or more violent felony convictions. Based upon the 109-month sentence, his projected release date is October 1, 2017, with good time credit. The respondent opposes the petition, asserting that the prisoner's sentence has been lawfully calculated and that Mr. Jordan is seeking federal credit for pre-federal sentence time spent in state custody for which he received credit on his state sentence, and he is not entitled to receive double credit under federal law.

---

[1] Petitioner was initially sentenced to a 169-month term of imprisonment. The basis of the reduction is not stated in the record and is not pertinent to the decision in this case.

The government expressly acknowledges that the warden is the correctly named respondent in this action; the court has jurisdiction under 28 U.S.C. § 2241 because the petitioner is challenging the fact or duration of his detention and has exhausted administrative remedies;[2] and venue is appropriate because FCI-Sandstone is located in the District of Minnesota. The petitioner submitted a reply to the respondent's return.

**Background and Claims**

Petitioner Melvin Jordan, III was arrested and detained in Linn County, Iowa, on December 13, 2007, on state burglary and theft charges.[3] Thereafter, a writ of habeas corpus *ad prosequendum* was executed by the U.S. Marshals Service on January 8, 2008, to obtain petitioner's presence in United States District Court in the Northern District of Iowa to face federal firearms charges.[4] Mr. Jordan was sentenced on the federal charges on September 3, 2008, to a 169-month prison term.[5] He was returned to state custody on September 12, 2008.[6]

Petitioner Jordan was thereafter sentenced in Linn County, Iowa District Court on September 16, 2008, on the state burglary and theft charges.[7] He was given a 5-year sentence to be served concurrently with the federal sentence and with credit for time served while awaiting

---

[2] Decl. of Julie Groteboer, ¶ 4 [Docket No. 5].

[3] Decl. of Hector Solis, ¶ 3 [Docket No. 6].

[4] Id., ¶ 4; Attach. A, U.S. Marshals Service Prisoner Tracking System Form 129.

[5] Id., ¶ 5; Attach. B, Judgment in at Criminal Case.

[6] Id.

[7] Id., ¶ 6; Attach. C, Iowa District Court Plea/Sentencing.

2

disposition of the state case.[8] On November 12, 2009, the petitioner was released from state custody and placed in the custody of the U.S. Marshal Service for transfer to serve his federal sentence.[9] A Sentence Computation Sheet was prepared by the BOP based upon a 169-month term commencing November 12, 2009.[10] Petitioner was allowed federal credit for December 13, 2007, and September 4, 2008, through September 11, 2008, because he had not received credit on his state sentence for that time.[11]

An Amended Judgment in a Criminal Case was issued by the U.S. District Court for the Northern District of Iowa on December 23, 2010, reducing the petitioner's federal sentence to 109 months.[12] Mr. Jordan commenced the administrative appeals process by submission of an informal resolution form on September 1, 2011, therein seeking concurrent federal credit for state time that had been disallowed.[13] The informal request was denied and the petitioner submitted a formal Request for Administrative Remedy on September 16, 2011.[14] The request was denied by the warden at the institution level on October 14, 2011.[15] A Regional

---

[8] Decl. of Hector Solis, ¶ 6; Attach. C, Iowa District Court Plea/Sentencing.

[9] Id., ¶ 7, Attach. A, Form 129 and Attach. D, Iowa Dept. of Corrections Offender Information..

[10] Id., ¶ 8, Attach. E, Sentence Computation Sheet.

[11] Id., ¶ 8, Attach. F, Linn County Correctional Center Jail Credit Sheet.

[12] Id., ¶ 9, Attach. G, Amended Judgment in a Criminal Case.

[13] Pet., Ex., page 9 [Docket No.1]

[14] Id., page 10.

[15] Id., page 11.

Administrative Remedy Appeal was filed[16] and the regional appeal was denied on November 10, 2011.[17] Petitioner completed the administrative process with a Central Office Administrative Remedy Appeal dated November 27, 2012.[18] The Central Office Appeal was denied on March 28, 2012.[19] In the written denial by the Central Office, the petitioner was advised that the case was reviewed for "*nunc pro tunc*" ("then for now") designation pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990),[20] and in considering pertinent factors under 18 U.S.C. § 3621(b), it was determined that the petitioner was not entitled to concurrent sentencing based upon the violent nature of the federal offense, his repetitive criminal conduct, and the express statement of the sentencing court that it intended that the federal term was to run consecutive to the state sentence.[21]

Specifically with respect to this case, Mr. Jordan contends that he was improperly denied credit for approximately 245 days from January 8, 2008, until September 18, 2008, during which time he was detained at the Linn County Correctional Center, but was subject to a U.S. Marshal Service hold.[22] He alleges that this denial of time credit is contrary to the state court's order that sentences be concurrent. The respondent argues that the full credit that the

---

[16] Pet., Ex., pp. 12-13.

[17] Id., Ex., page 14.

[18] Id., page 15.

[19] Id., pp. 16-17.

[20] Decl. of Hector Solis, ¶ 12.

[21] Id., Attach. H.

[22] Pet., page 3.

petitioner demands would be double credit that is not permitted under 18 U.S.C. § 3585(b). However, the prisoner was given eight days federal credit for the period of time from September 4, 2008, to September 11, 2008, which was allowable pursuant to <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971), because that time had not been effectively credited to his state sentence.

The government asserts that the petitioner is not entitled to federal credit for any time prior to his federal sentencing, except for time not credited to the state sentence, because the state retained primary jurisdiction while he was merely on loan to the federal sovereign pursuant to writ of habeas corpus *ad prosequendum*.

**Discussion**

Pursuant to 18 U.S.C. § 3585(b),[23] a federal defendant is not entitled to credit for detention time that has been credited to another sentence. In the present instance Mr. Jordan was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum* for purposes of obtaining his presence for United States district court proceedings on a federal indictment on firearms charges. At the time he was already in state custody, pending disposition on pending state charges.[24]

---

[23] 18 U.S.C. § 3585(b) provides:
—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

[24] Petitioner Jordan's plea and sentencing on the Iowa state charges both occurred on September 16, 2008, after sentencing on the federal charges on September 3, 2008. Decl. of Hector Solis, Attach. B and C.

Only the location of the sentence that is currently being served is changed as the result of a prisoner being released into federal custody from a state prison by way of writ of habeas corpus *ad prosequendum*. Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994) (citations omitted). When a prisoner who is under the primary jurisdiction of one sovereign is temporarily transferred to face a charge brought by another sovereign, the prisoner is considered to be "on loan" to the second sovereign and primary jurisdiction does not change. United States v. Cole, 416 F.3d 894, 896-97 (8th Cir. 2005). In this case the petitioner was placed into federal custody merely by reason of the writ of habeas corpus *ad prosequendum*, and he cannot be given credit on his federal sentence on that basis alone.

Second, pursuant to the express language of 18 U.S.C. § 3585(b) the petitioner can receive credit for time he was detained before sentencing only if the time was not credited to any other sentence. Consequently, a defendant cannot be awarded double sentencing credit for the same time period. United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993); Singleton v. Hollingsworth, 2006 WL 2067761, *1 (D. Minn., July 24, 2006) (citing United States v. Wilson, 503 U.S. 329, 337 (1992)). Mr. Jordan does not contend that he was not given credit on his state sentence for the time at issue, but he insists that he is also entitled to credit on the federal sentence for that same time period based upon the Iowa state court's concurrent sentencing. However, a federal sentence does not commence prior to the date the sentence is pronounced. Stevenson v. Terrell, 2009 WL 1035161,*3 (D. Minn., April 16, 2009) (citing United States v. McLean, No. 88-5506, 1989 WL 5457, at *1 (4th Cir., Jan. 13, 1989) and United States v. Flores 616 F.2d 840-41 (5th Cir. 1980)). In essence, the petitioner in this matter "is asking the Court to do the impossible in ordering a federal sentence to commence prior to its date of imposition."

Fisher v. English, 2011 WL 2693958, *7 (D. Minn., June 14, 2011). Under 18 U.S.C. § 3585(b) the petitioner simply cannot be credited for time in custody that has already been credited towards another sentence. Noble v. Fondren, 2009 WL 4723357, *6 (D. Minn., December 2, 2009) (citations omitted). Indeed, the BOP has the sole authority to calculate credit for time served, and not even the federal sentencing court has authority to award such credit. Id. It is simply not the case that the state court would have the authority to make such a designation with respect to allocating time towards a federal sentence that had not even commenced. Barden v. Keohane, 921 F.2d 476, 478 n.4 ("we recognize the neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently. See U.S. Const. Art. VI, cl. 2")).

To the extent that the petitioner might assert that 18 U.S.C. § 3585(b)(1) authorizes fully concurrent state and federal sentencing for the time he spent in state custody prior to federal sentencing on related charges based upon the allowance for credit for a term that is "a result of the offense for which the sentence was imposed." This provision merely requires that a defendant be given credit for time spent in custody while awaiting trial and sentencing on federal charges. Both 18 U.S.C. § 3585(b)(1) and (2) are subject to the caveat that only pre-sentencing time "that has not been credited against another sentence" may be credited to the federal sentence. Singleton, 2006 WL 2067761, *6. The relief that Mr. Jordan seeks is foreclosed under the statute because the time served on the state sentence has already been credited to that sentence, and he cannot be given double credit. Id. at *1.

**BOP Discretion**

In Barden v. Keohane, 921 F.2d 476 at 478, the court stated that the BOP has the

7

authority to make a *nunc pro tunc*, i.e. "now for then," designation, and has an obligation to review a request for such a designation, though the manner is which the authority is exercised is discretionary. As in the present action, the circumstances in Barden v. Keohane involved a state court's intent that its sentence be served concurrently with a previously imposed federal sentence. Factors appropriate to consider are the nature of the crime, the prisoner's conduct in custody, and BOP practice in making such designations. Id. The BOP has issued a program statement and has established administrative review procedures relating to the concerns addressed in Barden v. Keohane. Eggers v. United States, 2006 WL 3825065, *2 (D.Minn., Dec. 27, 2006). In this instance the BOP conducted its own inquiry to the federal sentencing court to determine whether the petitioner was entitled to *nunc pro tunc* designation and obtained a direct response from the district court indicating that no departure from 18 U.S.C. § 3585(b) was intended and the federal court would have imposed a consecutive sentence if state sentencing had preceded federal sentencing.[25]

In light of the directive of 18 U.S.C. § 3585(b), allowing credit on a sentence only for time not already credited to another sentence, as well as the availability of review pursuant to Barden v. Keohane, and the clear indication of the preference of the federal sentencing judge as to application of consecutive sentencing, the court concludes that the petitioner in this matter is not entitled to credit on his federal sentence for the time period from January 8, 2008, to September 18, 2008, except as previously determined by the BOP.

Based upon the foregoing discussion, along with the petition, memorandums, declarations, and exhibits, the magistrate judge makes the following:

---

[25] Decl. of Hector Solis, Attach. H.

## RECOMMENDATION

It is **Hereby Recommended** that petitioner Melvin Jordan, III's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **denied** [Docket No. 1] and that this action be **dismissed** with prejudice. The court **finds** no dispute as to material facts warranting evidentiary hearing in this matter.

Dated:   November 9, 2012

s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before November 26, 2012.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.