# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MELVIN JORDAN, III, | Civil No. 12-1097 (JRT/AJB) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| SCOTT P. FISHER, | |
| Respondent. | |

Melvin Jordan, III, #10149-029, Unit-H, PO Box 1000, Sandstone, MN, 55072, *pro se*.

D. Gerald Wilhelm, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Melvin Jordan, III ("Jordan"), presently incarcerated at the Federal Correctional Institution in Sandstone, MN, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.)  In a Report and Recommendation ("R&R") dated November 9, 2012, United States Magistrate Judge Arthur J. Boylan recommended that the Court deny Jordan's habeas petition. (Docket No. 9.)  Before the Court are Jordan's timely objections to the R&R. (Docket No. 10.)  The Court has reviewed *de novo* the portions of the R&R to which Jordan objects.  28 U.S.C. § 636(b)(1)(B); D. Minn. LR 72.2(b).  For the reasons set forth below, the Court overrules Jordan's objections and adopts the R&R.

## BACKGROUND[1]

On December 13, 2007, Jordan was arrested and detained on state burglary and theft charges in Linn County, Iowa.  (Decl. of Hector Solis ¶ 3, June 7, 2012, Docket No. 6.)  On January 8, 2008, federal authorities took Jordan into custody pursuant to a writ of habeas corpus *ad prosequendum* to face federal charges arising out of the state incident.  (Solis Decl. ¶ 4, Attach. A.)  On January 29, 2008, Jordan pled guilty to the federal charges.  (Solis Decl. ¶ 5, Attach. B ("Federal Judgment") at 2.)  Specifically, Jordan pled guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1), Felon in Possession of Firearms After Three or More Violent Felony Convictions.  (*Id.*)

On September 3, 2008, Judge Linda R. Reade of the United States District Court for the Northern District of Iowa sentenced Jordan to 109-months[2] imprisonment, followed by five years of supervised release.  (Federal Judgment at 3-7.)  The federal sentencing order was silent as to whether the federal sentence was to run concurrently or consecutively with Jordan's impending state sentence.  On September 12, 2008, Jordan was returned to state custody.  (Solis Decl. ¶ 5, Attach. A.)

On September 16, 2008, an Iowa state court sentenced Jordan to five years imprisonment on the state burglary and theft charges.  (Solis Decl. ¶ 6, Attach. C ("State

---

[1] The facts are repeated herein to the extent necessary to resolve Jordan's objections.  A full recitation of the facts is included in the Magistrate Judge's Report and Recommendation. (Docket No. 9.)

[2] Jordan was initially sentenced to a 169-month term of imprisonment, but on December 23, 2010, the federal court reduced his sentence to 109 months.  (Solis Decl. ¶ 9, Attach. G at 3.)

Judgment") at 2.) The Iowa court ordered that his state sentence run concurrently with his federal sentence. (*Id.*) Iowa authorities credited Jordan's state sentence for time served while in federal custody from January 8, 2008 to September 3, 2008. (Solis Decl. ¶¶ 8, 13.)

On November 12, 2009, Jordan was released from state custody on parole and placed in federal custody to commence serving his federal sentence. (Solis Decl. ¶ 7, Attach. A & D.)

Once in federal custody, the Federal Bureau of Prisons ("BOP") conducted Jordan's sentence computation pursuant to 18 U.S.C. 3585.[3] In conducting the computation, the BOP established that Jordan's federal sentence commenced on the date he was released from state custody, November 12, 2009.[4] (Solis Decl. ¶¶ 8, 13, Attach.

---

[3] Federal sentence computations are governed by 18 U.S.C. § 3585, which provides,

**(a) Commencement of sentence.** A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

    **(1)** as a result of the offense for which the sentence was imposed; or

    **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C.A. § 3585.

[4] When two separate sovereigns exercise jurisdiction over a person during the same period, the date that an inmate's sentence begins running depends on which sovereign had

(Footnote continued on next page.)

E-F.)  The BOP credited Jordan for time served in federal custody on December 13, 2007, and for time served from September 4, 2008 to September 11, 2008. (*Id.*) The BOP determined that Jordan was not eligible to receive credit for the time he spent in federal custody from January 8, 2008 – September 3, 2008, because that time had already been credited towards his state sentence. (*Id.*)

On August 23, 2011, Jordan was transferred to Federal Correctional Institution ("FCI") Sandstone in Sandstone, MN. (Decl. of Julie Groteboer ¶ 3, Attach. A, June 7, 2012, Docket No. 5.)  In September of 2011, Jordan initiated an administrative appeals process with the BOP, requesting additional time be credited to his sentence for the time he served from January 8, 2008 to September 3, 2008. (Groteboer Decl. ¶ 4, Attach. B.) The BOP refused to credit Jordan with additional time. (*Id.*)  In December 2011, Jordan requested that the BOP grant him *nunc pro tunc* relief pursuant to *Barden v. Keohane*.[5]

---

(Footnote continued.)

primary jurisdiction over a person. *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005). Primary jurisdiction rests with the sovereign that first obtains custody of the person, and it continues until the first sovereign relinquishes jurisdiction, either through release on bail, dismissal of the charges, parole, or expiration of the sentence. *Id.* at 897.  When an inmate is released into federal custody by way of a writ of habeas corpus *ad prosequendum*, primary jurisdiction is not relinquished. *Gulley v. Jett*, Civ. No. 10-2637, 2011 WL 1136444, at *2 (D. Minn. Mar. 25, 2011) (citing *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994)).  Rather, the inmate is "considered to be temporarily 'on loan' to the federal jurisdiction, and the primary jurisdiction is not affected." *Cole*, 416 F.3d at 896–97 (8th Cir. 2005).  In this case, Iowa did not relinquish primary jurisdiction until Jordan was released on parole on November 12, 2009. Thus, even though Jordan was physically in federal custody from January to September of 2008, his federal sentence did not commence until November 12, 2009.

[5] There are two steps in computing a federal sentence: (1) determining when the sentence commenced; and (2) determining whether the defendant is entitled to credit for time spent in custody prior to the commencement of the sentence. *Stewart v. Cruz*, Civ. No. 08-6085, 2009 WL 1607579, at *4 (D. Minn. June 8, 2009) (citing *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006)).  Determining the date that the sentence commenced is governed by 18 U.S.C.

(Footnote continued on next page.)

(Solis Decl. ¶ 10, Ex. H.) The BOP conducted a *nunc pro tunc* review, and subsequently denied Jordan's request. (*Id.*) Jordan has exhausted his administrative remedies.[6] (Groteboer Decl. ¶ 4, Attach. B.)

On May 4, 2012, Jordan filed a petition for habeas corpus in this Court. (Docket No. 1.) Jordan seeks habeas relief for the BOP's failure to credit him with the time he served from January 8, 2008 to September 3, 2008.[7] The Magistrate Judge issued an R&R recommending dismissal of Jordan's petition, to which Jordan now objects. Having reviewed Jordan's objections, the Court will adopt the Magistrate Judge's recommendation.

## ANALYSIS

### I. STANDARD OF REVIEW

The district court reviews *de novo* those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or

---

(Footnote continued.)

§ 3585(a), which provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the **official detention facility** at which the sentence is to be served." (emphasis added). *Barden* stands for the proposition that a federal inmate may petition the BOP to designate the state facility in which the inmate served a sentence prior to entering federal custody as the official detention facility at which the sentence is to be served. *Barden v. Keohane*, 921 F.2d 476, 477-78 (3rd Cir. 1991).

[6] An inmate may seek judicial review of the computation of their sentencing credits after properly exhausting their administrative remedies. *Tindall*, 455 F.3d at 888.

[7] A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means for challenging the BOP's computation of jail credit. *Tindall*, 455 F.3d at 888; *see also Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated . . .").

recommendations" to which an objection is made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b). The objections must be "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); *accord* D. Minn. LR 72.2(b).

## II. OBJECTIONS[8]

### A. BOP Sentencing Computation

Jordan first objects to the Magistrate Judge's conclusion that the BOP did not err in calculating his sentence. Jordan maintains that 18 U.S.C. § 3585(b) mandates that the BOP grant him credit for the time he served in federal custody from January 8, 2008 to September 3, 2008.

"A defendant **shall** be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . **that has not been credited against another sentence**." 18 U.S.C. § 3585(b) (emphasis added). Inmates are barred under the statute from receiving "double credit," or credit on their federal sentence for time that has already been credited toward their state sentence for that same time period. *Gulley v. Jett*, Civ. No. 10-2637, 2011 WL 1136444, at *2 (D. Minn. Mar. 25, 2011) (citing *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993)).

---

[8] Jordan's objections to the R&R can be summarized into five general grievances. Jordan's objections are numbered (1)-(10). However, many of his objections are repetitious of each other. As such, the objections are addressed here in a summarized fashion, rather than individually.

Jordan has already received credit toward his state sentence for the time he served in federal custody from January 8, 2008 to September 3, 2008.  As such, 18 U.S.C. § 3585(b) does not entitle Jordan to receive credit on his federal sentence for that same period.

It is Jordan's position, however, that his entire state sentence should be applied towards his federal sentence, because the state judge intended his state sentence to run concurrent to his federal sentence.[9]  Jordan argues that where a state judge orders a concurrent sentence and a federal judge is silent as to concurrent or consecutive sentencing, the state sentencing order controls.

Jordan's contention that the latter state sentence controls when the former federal sentence is silent is contrary to settled sentencing law.  Where a federal sentencing court is silent on the matter of concurrent or consecutive sentencing, there is a statutory presumption that the sentences are to run consecutively.  *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").  This is so even when the sentences at issue are between state and federal proceedings, and even when the state sentence is imposed after the federal sentence.  *Setser v. United States*, 132 S. Ct. 1463, 1466-67, 1471 (2012) (finding that where a state judge imposed a concurrent sentence after a

---

[9] In his petition, Jordan only requested that the period from January 8, 2008 to September 3, 2008, be credited towards his federal sentence.  He now argues that all of the time he served in state jail for his state sentence should be credited towards his federal sentence, because the state judge intended the sentence to run concurrently.  Jordan did not raise this argument in his petition, but he did raise it in his reply to the U.S. Attorney's response to his petition.  (Docket No. 8.)  As an issue that was considered by the Magistrate Judge, it will be addressed here even though it was not raised in the petition.

federal judge imposed a consecutive sentence, the federal BOP was not bound by the state court sentencing decision). If an inmate "starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government . . . that decides whether he will receive credit for the time served in state custody. And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter." *Id.* at 1471. Thus, under 18 U.S.C. § 3585(b) and *Setser*, the silence in Judge Reade's sentencing order as to whether Jordan's federal sentence was to run concurrently or consecutively resulted in a consecutive sentence. This is so despite the fact that the Iowa state judge ordered a concurrent sentence after the federal sentence was imposed. For these reasons, the Court concludes that the BOP properly calculated Jordan's sentence.

B. **BOP Discretion**

Jordan next objects to the Magistrate Judge's findings regarding the BOP's discretion in this matter. According to Jordan, the Magistrate Judge construed the BOP's authority as absolute, so that even if a petitioner were correct in all his allegations, he would still not be entitled to any relief. This is not an accurate description of the R&R. The Magistrate Judge found that the BOP had already reviewed and denied Jordan's request for *nunc pro tunc* relief pursuant to *Barden v. Keohane*, 921 F.2d 476, 477-78 (3rd

Cir. 1991).[10]   Because the BOP has wide discretion in reviewing such requests, the Magistrate Judge concluded that a district court is without power to grant any further relief to Jordan pursuant to *Barden*.

*Nunc pro tunc relief* in this context refers to the BOP's ability to retroactively designate that a federal inmate's sentence commenced at the state facility in which the inmate served time prior to the federal sentence.  Granting such relief essentially results in making the federal sentence run concurrently with the state sentence.  *See Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) ("[W]hen a federal defendant is already serving a state sentence, [the] BOP has the practical power to make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.") (internal quotation marks omitted).  *Barden* held that the BOP has an obligation to review a *nunc pro tunc* request to designate a state facility as the place of confinement, but that the BOP has broad discretion in reviewing said requests.  *Barden*, 921 F.2d at 483.  Under *Barden*, a district court cannot compel the BOP to grant *nunc pro tunc* relief to a petitioner.  *Id.* at 479 n.6 (holding that even if the district court orders the BOP to review a petitioner's request, the petitioner has "no assurance of success," because of the BOP's broad discretion in reviewing such requests).

---

[10] In his objections, Jordan both maintains that he is entitled to *nunc pro tunc* relief pursuant to *Barden v. Keohane*, and that it was improper for the Magistrate Judge to consider whether he is entitled to such relief.

Here, the BOP has already conducted a *nunc pro tunc* review for Jordan, taking into account the factors laid out in *Barden*. As such, the Court is without power to grant any further relief.

### C. Validity of the Federal Sentence

Jordan also objects to the R&R on the grounds that it is based on the erroneous assumption that his underlying federal conviction and sentence were valid.[11] Jordan raises arguments about the validity of his sentence for the first time in his objections. A claimant must present all his claims to the magistrate judge, "lest they be waived." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). "[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Id.* (internal quotation marks omitted); *see also Chang v. Minnesota*, Civ. No. 06-1590, 2007 WL 956999, at *2 (D. Minn. Mar. 28, 2007) (denying habeas petitioner's objection where the petitioner did not raise his claim in his petition for habeas corpus relief) *aff'd sub nom. Toua Hong*

---

[11] Jordan's objections to the validity of the federal sentence include the following: (1) the grand jury was not convened by an Article III judge; (2) the arraignment deprived Jordan of judicial review as to the indictment, because the presiding Magistrate Judge lacked authority to determine if the indictment was sufficient; (3) the indictment was insufficient for failing to allege any evidence or witnesses that showed a violation of a federal law occurred; (4) Jordan was not given the opportunity to test the sufficiency of the indictment by challenging witness testimony used to support it; (5) Jordan's Sixth Amendment rights were violated by the grand jury proceedings because he was not allowed the opportunity to cross examine grand jury witnesses; (6) there was no subject matter jurisdiction and there was "fraudulent procurement in the proceeding at grand jury proceedings;" and (7) no evidence exists to support the grand jury indictment.

*Chang v. Minnesota*, 521 F.3d 828 (8th Cir. 2008). Jordan may not raise these new arguments for the first time in his objections.

Even if Jordan had brought his arguments about the validity of his sentence before the Magistrate Judge, the Court would not consider them. "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated[, but] a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002); *Jefferson v. Zych*, Civ. No. 12-682, 2012 WL 2395498, at *2 (D. Minn. June 25, 2012). Because Jordan was not sentenced in this District, Jordan cannot use his § 2241 petition to challenge the validity of his sentence in this Court.[12] As such, the Court will not consider Jordan's objections concerning the validity of his conviction and sentence.

### D.     Magistrate Judge's Authority

Jordan next objects to the Magistrate Judge's involvement in reviewing his habeas petition. United States District Court Judges are permitted to designate magistrate judges to "submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28

---

[12] In some cases, a § 2241 habeas petition that is barred by the jurisdictional limitations discussed above can be construed as a motion brought under § 2255. The case can then be transferred to the initial trial court judge to address the inmate's claims on the merits. However, in order to use § 2241 to challenge the conviction, the petitioner must first show that § 2255 would be inadequate or ineffective. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)). Jordan has made no attempt to show that a § 2255 petition would be inadequate or ineffective. Thus, Jordan cannot use his § 2241 petition to challenge the validity of his conviction or sentence.

U.S.C. § 636(b)(1)(B) (footnote omitted); *see also United States v. Matthews*, 268 F. App'x 499, 500 (8th Cir. 2008); *Tineo v. Fed. Bureau of Prisons*, Civ. No. 05-724, 2005 WL 1745451, at *2 (D. Minn. July 22, 2005) (finding plaintiff's consent was not a condition precedent to the Magistrate Judge's involvement and overruling plaintiff's objections to the R&R). Because the Magistrate Judge had the authority to issue an R&R related to Jordan's habeas petition, the Court will overrule Jordan's objections regarding the Magistrate Judge's involvement.

### E. Subject Matter Jurisdiction

Lastly, Jordan argues that subject matter jurisdiction is lacking in this case.[13] "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Jordan was convicted in federal court of violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1). As laws of the United States, the United States District Court for the Northern District of Iowa had jurisdiction over Jordan's 18 U.S.C. §§ 922(g)(1) and 924(e)(1) charges. As such, the Court will overrule Jordan's jurisdictional objection.

---

[13] Although it is not entirely clear from Jordan's objections, the Court assumes Jordan is attacking the subject matter jurisdiction of the original sentencing court. The Court will not construe Jordan's objection as attacking the jurisdiction of this Court, which he himself has invoked by filing his habeas petition. *See Thompson v. Mo. Bd. of Parole*, 929 F.2d 396, 399 n.2 (8th Cir. 1991) ("Pro se petitions should be read with appropriate benevolence.").

**ORDER**

Based upon all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 10] and **ADOPTS** the Report and Recommendation of Magistrate Judge dated November 9, 2012, [Docket No. 9]. **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus [Docket No. 1] is **DENIED**.

2. This action is **DISMISSED with prejudice**.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 4, 2013  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge